UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

THOMAS E. PUGH,

    Petitioner,

    v.                                    Case No. 07-C-0554

UNITED STATES OF AMERICA,

    Respondent.

DECISION AND ORDER GRANTING IN PART THOMAS PUGH'S MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE BASED ON COUNSEL'S FAILURE TO FILE A DIRECT APPEAL, DENYING REMAINING INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS, AND VACATING AND REENTERING IDENTICAL JUDGMENT IN THE CRIMINAL CASE

This case came before the court on Thomas E. Pugh's motion to vacate his January 12, 2005, judgement of conviction for distributing 50 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On December 20, 2010, this court denied four ineffective assistance of counsel claims relating to issues of competency and the failure to seek a one point reduction for self surrender, but ordered the government to file an answer or other responsive pleading to all remaining claims. After reviewing the government's response, the court appointed counsel to represent Pugh and scheduled an evidentiary on September 13, 2011, for the purpose of determining whether Pugh had requested trial counsel to file a timely notice of appeal.

Pugh testified during the hearing regarding his efforts to file an appeal through his attorney, Hazel Washington, with the assistance of his pastor, Wesley C. Carter. At the government's request, the court granted a continuance for the purpose of conducting limited discovery and to enlarge the record. The government now concedes that Pugh did not receive effective representation concerning the timely filing of a notice of appeal.

Because an attorney's failure to file an appeal requested by the client is per se ineffective assistance of counsel, *Castellanos v. United States*, 26 F.3d 717, 719-20 (7th Cir. 1994), the motion must be granted as to that claim.

With that exception, all remaining ineffective assistance of counsel claims will be denied. Pugh argued that counsel was ineffective for failing to investigate the drug amount involved in the case and/or failing to verify that the drugs were not sufficiently pure to be crack. In addition, Pugh was allowed to amend his motion to include claims that counsel was ineffective in failing to challenge the sufficiency of the indictment or otherwise argue that he was the least culpable of the conspirators.

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). To satisfy the first prong of the Strickland test, the plaintiff must direct the court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (*citing United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)).

With respect to his claim that counsel should have challenged the amount and type of drugs, the court notes Pugh entered a guilty plea acknowledging that the government possessed sufficient, admissible evidence to prove beyond a reasonable doubt that the offense involved at least 50 grams of cocaine base. Moreover, Pugh testified during the plea hearing that he knew the difference between powder cocaine and crack. Pugh's counsel explained on the record that the sentencing guideline calculations would remain

2

the same whether the court used the marijuana equivalency figure or "55.4 grams of cocaine base which [Pugh] is admitting." Indeed, Pugh testified that he knew the color and the form of crack and admitted he had seen it in solid form. Nowhere does Pugh allege that counsel gave him poor advice regarding the plea, and there is nothing ambiguous about the language used in the plea agreement. Moreover, Pugh received the statutory mandatory minimum sentence of 120 months. Hence, Pugh's arguments regarding counsel's failure to object to the type or quantity of drugs or even his role in the offense cannot establish prejudice as required.

The only other ineffective assistance of counsel claim brought by Pugh asserts that counsel should have known that the indictment "omitted an essential element such as possession and aiding and abetting." That claim fails as a matter of law inasmuch as there was no basis to challenge the indictment, which charged as follows:

<u>COUNT ONE</u>
1. That on or about July 3, 2001, in the State and Eastern District of Wisconsin,
THOMAS E. PUGH,
the defendant herein, knowingly and intentionally distributed a controlled substance;
2. The offense involved 50 grams or more of a mixture containing cocaine base in the form of crack cocaine, a Schedule II controlled substance;
All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18 United States Code, Section 2.

References to 18 U.S.C. § 2 in the indictment are permissible, and the elements of aiding and abetting do not need to be detailed in the indictment. *See United States v. Moya–Gomez*, 860 F.2d 706, 756 (7th Cir. 1988) (aiding and abetting need not be separately charged from the substantive offense in the indictment). Moreover, Pugh acknowledged during the plea hearing that he was charged with violating a drug statute

3

as well as aiding and abetting. To the extent that Pugh is attempting to argue that the evidence would have been insufficient to sustain a conviction, he testified that he made arrangements for the sale of crack cocaine to a confidential informant and that the confidential informant was in his presence to conduct a drug transaction. Inasmuch as these facts demonstrate there was no valid basis for Pugh to challenge the indictment, defense counsel cannot be found ineffective for failing to challenge the indictment. Now, therefore,

IT IS ORDERED that Thomas Pugh's motion under § 2255 is granted with respect to Pugh's claim that counsel failed to file a timely notice of appeal.

IT IS FURTHER ORDERED that Pugh's motion is denied as to all remaining ineffective assistance of counsel claims.

IT IS FURTHER ORDERED that judgment will be vacated and an identical judgment entered in the underlying criminal case, *United States v. Thomas E. Pugh*, Case No. 02-CR-142. Counsel for Pugh is directed to file a timely appeal.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE